## UNITED BROTHERS OF FRIENDSHIP OF TEXAS v. WILSON.

### No. 10995.

Court of Civil Appeals of Texas. Dallas.

Sept. 10, 1932.

Rehearing Denied Oct. 8, 1932.

Webb & Webb, of Sherman, J. V. Meek and J. M. Nabrit, Jr., both of Houston, and Thos. B. Love, of Dallas, for appellant.

**W. J. Durham, of Sherman, for appellee.**

JONES, C. J.

In a suit in the district court of Grayson county, appellee, James Wilson, recovered a judgment in the sum of $875, with interest, from appellant, United Brothers of Friendship of Texas, as damages for the wrongful cancellation of a policy of insurance issued to appellee. From this judgment appellant has duly perfected an appeal. The following are the necessary facts:

Appellant is a fraternal benefit society doing business in this state on the lodge plan, the Grand Lodge being located at Houston, Tex., and local lodges being located at different places in the state. There was one such lodge in Sherman, Grayson county, Tex., of which appellee had been for many years a member. The policies of insurance issued to members of local lodges were issued by the Grand Lodge, and it alone is liable to the beneficiary for payment of insurance. This suit is against the Grand Lodge, and is for the alleged wrongful cancellation of appellee's insurance policy which provides for the payment of $500 to the beneficiary named in the policy, and also the payment of the additional sum of $75 for burial expenses.

The contract of insurance contained no clause for sick benefit, but the local lodge at Sherman, as it was authorized to do, levied a local assessment against the local members for a sick benefit fund, and appellee, if his insurance to the Grand Lodge was in force, was entitled to the benefit, provided for in case of sickness, from the local lodge, to be paid out of such assessments, but the insurance policy issued to appellee does not create a contract with the Grand Lodge for the payment of any sick benefit. The local lodge at Sherman is alone responsible for such payment.

The contract of insurance evidenced by the policy issued to appellee is dated November 10, 1921, but this contract of insurance is in lieu of a former similar contract of insurance issued to appellee by appellant in 1901. Appellee is required to pay the sum of $4.20 quarterly under his contract of insurance, and is allowed thirty days, under appellant's constitution, after the expiration of the quarter within which to make such payment. If payment should not be made within this time, appellee would become automatically suspended, but, within a period of sixty days from the expiration of such thirty-day period, he could be reinstated and his insurance again placed in force by the payment of such assessment. The constitution and by-laws of the appellant lodge requires payment of such dues to be made through the local secretary; that is, every member is required to pay his dues, not directly to the Grand Lodge, but to the local secretary, and the local secretary is required to send to the Grand Lodge that portion of the dues due such Grand Lodge and to hold that portion due to the local lodge.

The undisputed evidence shows that on July 1, 1929, a quarterly payment of $4.20 on appellee's policy of insurance became due. Such evidence further shows that no payment of this sum was made by appellee, or by any one for him, and that on August 1st, thirty days after the maturity of the quarterly payment, appellee, having still failed to make the payment, became automatically suspended. However, appellee had the right, within sixty days from August 1st to pay to the local secretary of the Sherman lodge the $4.20 and become reinstated as a member of the lodge and thereby cause his policy to become again enforceable. The undisputed evidence further shows that no payment to the local secretary was made or tendered within this sixty-day period, and that such suspension became final. Such evidence also shows that one Overby, the beneficiary named in the policy, had been paying appellee's dues for a number of years, appellee being over eighty years of age and unable to earn any money, and that several days previous to October 1, 1929, Overby sent to the secretary of the Grand Lodge at Houston a postal money order in the sum of $4.20 to pay appellee's dues and thus to keep the policy of insurance in force. This postal money order was returned to Overby by the grand secretary with the statement that the payment would have to be made to the local secretary and could not be accepted by the Grand Lodge. Overby was a member of the local lodge, had been secretary of same, and knew the provisions of appellant's constitution in reference to making such payments. Overby accepted the return of the money order, but made neither payment of the money, nor a tender, to the local secretary. His excuse for sending the money to the secretary of the Grand Lodge and for not paying the $4.20 to the local secretary is that the lodge had given up its lodge room, was not holding any lodge meetings during the period of time referred to, and hence he could not find the local secretary in the lodge room so that he could make the payment to such local secretary. The local lodge had not disbanded and could not disband as long as it had seven members, but, as stated above, it was not holding lodge meetings. No explanation is offered why payment or tender within the sixty-day period allowed was not made to the local secretary either personally outside of a lodge room or by use of the mail. Both the secretary and Overby lived in the city of Sherman. Appellee testified that, in December, 1929, he asked the local secretary how much was due on his insurance policy and that the local secretary told him that he (appellee) was "already defunct," and that he did not offer then to make

the payment, although he had the money at that time to do so.

Appellant showed, by evidence, that appellee was still carried as a member, no order of suspension or dropping appellee from its list of membership had ever been entered, either by the local lodge or by the Grand Lodge; that this course of procedure of thus carrying a member with full rights as to insurance, who, under the constitution and by-laws of the order, was automatically suspended, had been followed by appellant in a number of other instances.

At the close of the testimony, appellant moved for peremptory instruction, and also requested peremptory instruction, in its favor, on the ground that the evidence failed to raise any issue as to the wrongful cancellation of appellee's insurance policy. This motion was denied, and the request was refused by the court, and two special issues were submitted to the jury on appellee's right to recover damages for the wrongful cancellation of his insurance policy; the jury solved these special issues in favor of appellee. On these issues the jury found: (1) That appellee, or another acting for him, tendered to appellant at its office in Houston, or to an agent authorized to accept such money, the money due, and made such tender prior to October 1, 1929; (2) that James Wilson has been suspended as a member of appellant's order since October 1, 1929; a third question as to the amount of damages sustained by appellee was submitted and answered by the jury in the sum of $875.

Numerous errors are assigned by appellant, but there are only two necessary to be discussed, under the disposition we make of this case. These issues are: First, in reference to an attempted appeal from an order overruling appellant's plea of privilege to be sued in Harris county, the domicile of the Grand Lodge; second, in reference to whether the court erred in refusing appellant's requested peremptory instruction.

■■ It appears from a bill of exception in the record that appellant's plea of privilege was heard on the 9th day of June, 1930, and that the court overruled such plea, to which action appellant duly excepted. There is no judgment or order in the record before this court, showing the order or judgment, on this plea of privilege. The trial was in November, 1930, and a motion at that time was filed by appellant praying that the court reconsider and set aside its order overruling the plea of privilege, which motion was overruled by the court and exception duly taken. We know judicially that the term of the court at which the order overruling the plea of privilege was made had adjourned, and that the motion to reconsider the action of the court had at such former term of court was made at a subsequent term, and hence cannot be considered for any purpose, for the judgment had then become final and not subject to review, by the character of motion filed. We cannot consider any judgment or order of a court unless the judgment or order complained of appears in the record, and this requirement is not satisfied by the mention of the existence of such order in a bill of exception. Appellant's contention in reference to its plea of privilege is overruled.

■ Should appellant's requested peremptory instruction in its favor have been given? Appellee's contention in reference to this issue is, and must be, based on the theory that the sending of a postal money order to the grand secretary at Houston within the sixty-day period was a legal tender of the amount of the dues, and should have been accepted by such secretary, and that his declining to accept same in no way prejudiced the right of appellee as to membership in the lodge, or as to his policy of insurance. If this contention be correct, then there was evidence to support the findings of the jury. The question at issue then is presented in this form: Was the secretary of the Grand Lodge acting in the performance of his duty, under appellant's constitution and by-laws, when he returned the postal money order to Overby and refused to accept same in payment of appellee's quarterly dues? It appears that this money order was returned in time for Overby to have made the payment to the local secretary through the United States mail at Sherman, Tex., within the sixty-day period. Overby knew that the local secretary of the Sherman lodge was the only one authorized by the constitution and by-laws of the order to receive such payment when he sent the money order to the grand secretary. The grand secretary is charged with the performance of his duties under the constitution and by-laws of the order he represents. A portion of this money was to be retained by the local lodge, and hence the reason for the law of the lodge, as to whom such payment should be made, is clearly made to appear, and must be recognized as reasonable and just, and binding on each member in the matter of making payment of his dues. It necessarily follows that the grand secretary was in the rightful performance of his official duty, when he declined to accept the money order and returned it to the sender with instruction to pay it to the local secretary. This, Overby, the agent of appellee in making such payment, declined to do, and no payment of the delinquent dues was made within the sixty-day period. Thus, under appellee's theory and testimony in this case, appellee became legally automatically suspended on October 1, 1929, and his insurance policy thereby canceled.

Under appellant's testimony and theory of the case, appellee never was suspended, and his insurance policy is to-day in full force. If either appellant's or appellee's theory be accepted, the result is fatal to appellee's cause

of action. We therefore hold that there was no issue made by the evidence to submit to the jury as to the wrongful cancellation of appellee's policy, and that the trial court erred in refusing the requested peremptory instruction.

It follows, from what has been said, that it is the duty of this court to reverse the judgment of the lower court and here render judgment in favor of appellant that appellee take nothing by his suit, and it is so ordered.

Reversed and rendered.